United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHENXING XIE,

        Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

        Defendant.

Case No. 25-cv-00091-HSG

**ORDER REMANDING CASE**

Re: Dkt. No. 8, 12

Pending before the Court is Plaintiff Zhenxing Xie's motion to remand, briefing for which is complete. Dkt. Nos. 12 ("Mot."), 18 ("Opp."), 19 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court GRANTS the motion.

**I.   BACKGROUND**

Mr. Xie began working for Defendant Walmart Associates, Inc. ("Walmart") as a Senior Product Manager in August 2022. Dkt. No. 1-2 ("Compl."). Mr. Xie's father passed away on March 29, 2023, and he was granted bereavement leave. *Id.* at 6. When Mr. Xie returned to work on May 1, 2023, he alleges that he "experienced a sudden increase in workload and unreasonable deadlines for assignments." *Id.* When Mr. Xie discussed his concerns with a supervisor, Defendant Mariam Tareen, and informed Ms. Tareen that his wife was pregnant, she allegedly "told Plaintiff that a former employee of Wal-mart was terminated for taking a fraudulent medical leave" and "told Plaintiff that she . . . [had] not tak[en] leave when her kids were small." *Id.* at 14. According to Mr. Xie, Ms. Tareen also "suggested" that Plaintiff should not use the pregnancy as an "excuse to take days off from work." *Id.*

Mr. Xie alleges that he began to experience "significant distress," including panic attacks,

1  loss of sleep, and exhaustion. When he informed his supervisors about this distress, they allegedly
2  reported him to Walmart's Global Security Department as a possible workplace threat. *Id*. From
3  May 31, 2023 to December 30, 2023, Mr. Xie took approved medical leave. During his approved
4  leave, Ms. Tareen informed Plaintiff that Walmart was searching for his replacement and that his
5  role would be terminated. *Id.* at 15. Mr. Xie initially informed Walmart that he could return to
6  work in January 2024 and then requested parental leave through May 2024. Walmart granted Mr.
7  Xie's parental leave request, but in February 2024—during Mr. Xie's approved parental leave—
8  Walmart informed him that his role would be terminated thirty days after his parental leave
9  concluded. Mr. Xie alleges that he repeatedly informed Walmart that he could return to work at
10 the conclusion of his approved parental leave. *Id.* at 16. Mr. Xie unsuccessfully applied for other
11 jobs at Walmart, submitted internal discrimination complaints, and was eventually terminated on
12 June 26, 2024, which was exactly one month after his parental leave concluded.
13     In November 2024, Mr. Xie filed the operative complaint in San Mateo County Superior
14 Court. As relevant here, Mr. Xie alleges that Defendants (1) committed harassment on the basis of
15 disability in violation of California's Fair Employment and Housing Act (FEHA), (2) intentionally
16 inflicted emotional distress, and (3) negligently inflicted emotional distress. *See* Compl. at 31–35.
17 In January 2025, Defendants removed this matter to federal court on the basis of diversity
18 jurisdiction under 28 U.S.C. § 1332. Mr. Xie now moves to remand, arguing that removal is
19 improper because both he and Defendant Tareen are residents of California. Mot. at 6.
20 Defendants oppose, asserting that Ms. Tareen was fraudulently joined as a defendant to defeat
21 diversity jurisdiction.

22 **II.    LEGAL STANDARD**

23     A defendant may remove a state court action to federal court on the basis of diversity
24 jurisdiction. *See* 28 U.S.C § 1441; *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d
25 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought
26 in state court when the district court would have original jurisdiction."). Diversity jurisdiction
27 exists where the matter in controversy exceeds $75,000 and the dispute is between citizens of
28 different states. 28 U.S.C. § 1332(a). "If a case is improperly removed, the federal court must

United States District Court
Northern District of California

1  remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl.*
2  *Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir.
3  2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its
4  subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and
5  must reject federal jurisdiction "if there is any doubt as to the right of removal in the first
6  instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the
7  burden of establishing federal jurisdiction. *See id.* at 566–67.

## III.   DISCUSSION

The parties agree that Plaintiff Xie and Defendant Tareen are both citizens of California. Mot. at 6. Section 1332, which enables federal courts to exercise jurisdiction over suits "between . . . citizens of different States," only applies when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). At issue here, then, is whether Ms. Tareen was fraudulently joined, such that her citizenship does not destroy the parties' diversity.

### A.   Legal Standard for Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (citations omitted). Fraudulent joinder is established on that ground if the individuals "joined in the action cannot be liable on any theory." *Id.* (citation omitted). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (citation omitted). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [Plaintiff Xie] has failed to state a claim against [Defendant Tareen]." *Hunter*, 582 F.3d at 1046.

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong

3

evidence or arguments that a plaintiff could not possibly prevail on its claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. By contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046). There is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden," *Hunter*, 582 F.3d at 1046, particularly since "[f]raudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Finally, it is important to note that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. Instead, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* "If the plaintiff could cure this deficiency by amending his or her complaint, then fraudulent joinder does not obtain." *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).

**B. Defendants Fail to Establish Fraudulent Joinder**

Defendants argue that "each of the three claims for relief Plaintiff asserts against individual defendant Mariam Tareen cannot be sustained as a matter of law." Opp. at 5. The Court disagrees.

Defendants first argue that Mr. Xie "fails to allege facts establishing . . . a claim for harassment under the FEHA." *Id.* at 9. FEHA prohibits employee harassment on the basis of several protected grounds, including disability. *See* Cal. Gov't Code § 12940(j)(1). To establish a claim for harassment under FEHA, "a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v.*

4

*Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).[1]  Defendants challenge the second and third of these elements, arguing that Plaintiff cannot establish (1) a direct connection between a "recognized protected characteristic" (here, Plaintiff's medical disability) and Walmart's allegedly hostile work environment, (2) that the "allegedly harassing conduct [was] because of Plaintiff's protected classification," and (3) that the alleged harassment was so "sufficiently severe or pervasive" as to create an "abusive working environment."  Opp. at 9.

        The Court's fraudulent joinder analysis does not ask whether Plaintiff will succeed on the merits of his claims or whether he would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Instead, the Court simply must determine whether there is any possibility that Plaintiff can state a claim.  While Mr. Xie has not pled his FEHA harassment claim in great detail, he has pled sufficient facts to raise at least a possibility that he will be able to state a claim to the satisfaction of the state court.  According to Mr. Xie, he told Ms. Tareen that his medical distress was "due to his anxiety, grief, and frustration with the work environment."  Compl. at 14.  And Mr. Xie further alleges that, as a result of this communication, "he was reported to Wal-Mart's Global Security Department" and subsequently interview and investigated by a "Behavioral Threat Assessor at Walmart."  *Id*.  On the face of these allegations, it is at least possible that a state court could find that Plaintiff states a cause of action under FEHA, particularly since California courts apply lenient pleading standards.  *See Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 81 Cal. App. 5th 96, 104–05 (2022) (noting that California courts must assume the truth of all alleged facts regardless of their improbability); *Golden v. Microsoft Corp.*, 727 F. Supp. 3d 867, 873 (N.D. Cal. 2024).

        While it is true that an "employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial" and instead must "show a concerted pattern of harassment of a repeated, routine, or a generalized nature," a "single incident of severe abuse can constitute a hostile work environment."  *Freitag v. Ayers,* 468 F.3d 528, 540 (9th Cir. 2006); *Perata v. City &*

---

[1] Mr. Xie alleges that Ms. Tareen's conduct related to his health and associated medical leave constituted FEHA harassment.

*Cnty. of San Francisco*, No. 21-CV-02819-TSH, 2023 WL 4537695, at *11 (N.D. Cal. July 13, 2023) (citing *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283–84 (2006)). To determine whether conduct is so pervasive or severe as to create an "abusive work environment," courts analyze the "totality of the circumstances," including "the frequency of the discriminatory/harassing conduct; the severity of the conduct; whether the conduct was physically threatening, humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ludovico v. Kaiser Permanente*, 57 F. Supp. 3d 1176, 1194 (N.D. Cal. 2014). Such analysis would be misplaced here. In addressing claims of fraudulent joinder, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," meaning that "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Hunter*, 582 F.3d at 1044. Here, the Court does not need to determine whether the alleged harassment was so severe as to create a hostile work environment. The fact that Mr. Xie's FEHA claim could proceed in state court is itself sufficient to overcome Defendant's claims of fraudulent joinder.

Moreover, in evaluating a claim of fraudulent joinder, the Court must assess "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. "Substantial case law supports the proposition that if a plaintiff could amend a complaint to cure any deficiencies, the removing party's high burden of proving fraudulent joinder is not met." *Brown v. Beazley USA Servs., Inc.*, No. 24-CV-09035-SI, 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025). Even if Mr. Xie's allegations did not presently state a claim, Defendants have not established that his pleading deficiencies cannot "possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Instead, Defendants simply state that Plaintiff has not "explain[ed] how he could potentially amend the Complaint." Opp. at 5. But potential areas for amendment are obvious. Defendants assert, for example, that Mr. Xie "fails to identify who made th[e] report" about his behavior to Walmart's Global Security Department, arguing that "it would be improper speculation to conclude it was Ms. Tareen" absent "specific allegations [about] who made the report." *Id.* at 12. Mr. Xie could presumably amend

his complaint to include more specific details regarding Ms. Tareen's role in making the report. Since Defendants have not demonstrated that the asserted pleading deficiencies cannot "be cured by granting the plaintiff leave to amend," there is a second, alternative ground to grant Mr. Xie's motion for remand. *Grancare, LLC*, 889 F.3d at 549-50.

Because "only a single viable claim is necessary to defeat fraudulent joinder," the Court does not address Defendants' arguments concerning Mr. Xie's intentional infliction of emotional distress and negligent infliction of emotional distress claims. *Brown*, 2025 WL 436716, at *4, n.5. Since Plaintiff Xie and Defendant Tareen are both citizens of California and since Ms. Tareen has not been fraudulently joined in this matter, at least with regard to Mr. Xie's FEHA harassment claim, there is no complete diversity, and the Court lacks diversity jurisdiction. Accordingly, Mr. Xie's motion to remand, Dkt. No. 12, is GRANTED.

## IV.   CONCLUSION

The Court GRANTS Plaintiff's motion to remand, Dkt. No. 12, and REMANDS the case to the Superior Court of the State of California for the County of San Mateo. Defendants' motion to dismiss, Dkt. No. 8, is DENIED AS MOOT. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated:   4/17/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge